*E-FILED - 11/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN LEE CAMPBELL, | No. C 05-3563 RMW (PR) |
| Petitioner, | ORDER RE-OPENING CASE; ORDER TO SHOW CAUSE |
| vs. | |
| EDWARD FLORES, | (Docket No. 6) |
| Respondent. | |

Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 2, 2005, petitioner filed the petition along with an ex parte motion to stay and hold the petition in abeyance so that he could exhaust five claims in state court. On September 27, 2006, the court granted petitioner's motion to stay the petition pending exhaustion of his claims in the state supreme court and administratively closed the case.

On October 8, 2008, petitioner filed an ex parte motion, notifying the court that the state supreme court denied his state habeas petition on September 10, 2008, and requesting that the court lift the previously imposed stay and re-open his case. Accordingly, the court will GRANT petitioner's ex parte motion to lift the stay and RE-OPEN the instant action. The court further

Order Re-Opening Case; Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.05\Campbell563reopen.wpd     1

orders respondent to show cause why the petition should not be granted.

## BACKGROUND

A Santa Clara County Superior Court jury convicted petitioner of second degree robbery, petty theft, battery on a peace officer, resisting arrest, counterfeit access card, and forged drivers license. On October 31, 2002, he was sentenced to nineteen years. In 2004, the state appellate court affirmed the judgment and the state supreme court denied a petition for review. On August 25, 2005, petitioner filed a state habeas petition in Santa Clara County Superior Court. On March 28, 2008, the Superior Court denied his petition. On July 11, 2008, the California Court of Appeal denied his habeas petition. On September 10, 2008, California Supreme Court denied discretionary review.

## DISCUSSION

A.  <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  <u>Petitioner's Claims</u>

As grounds for federal habeas relief, petitioner claims: (1) there was insufficient evidence to support a conviction for robbery due to a lack of evidence to support aiding and abetting or conspiracy to apply force; (2) petitioner's convictions for two counts of battery on a peace officer because injury "requiring professional medical treatment" was not supported by the evidence; (3) insufficient evidence to support a conviction for battery on a peace officer because petitioner did not personally inflict the injury; (4) newly discovered evidence demonstrates third party culpability and proof of misidentification which exonerates petitioner; (5) to the extent the "newly discovered evidence" could have been discovered by diligent counsel, ineffective

1  assistance of counsel for failing to uncover and present such exculpatory evidence; (6)
2  ineffective assistance for failing to investigate an alibi defense and uncover and present this
3  defense; (7) ineffective assistance of counsel for failing to impeach a crucial prosecution
4  witness' ability to identify petitioner; and (8) false evidence was used to convict him.  Liberally
5  construed, petitioner's allegations are sufficient to require a response.  The court orders
6  respondent to show cause why the petition should not be granted.

## CONCLUSION

1. The clerk shall administratively RE-OPEN this action.  Petitioner's ex parte motion to lift the stay of the petition is GRANTED (docket no. 6).

2. The clerk shall serve by mail a copy of this order and the original petition, filed on September 2, 2005, and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within **sixty days** of the filing date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the filing date of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the filing date of this order.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the filing date of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of the filing date of any opposition.

5. It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that

Order Re-Opening Case; Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.05\Campbell563reopen.wpd     3

...

1  all communications with the court must be served on respondent by mailing a true copy of the
2  document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
3  change of address by filing a separate paper captioned "Notice of Change of Address."  He must
4  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
5  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    This order terminates docket no. 6.

    IT IS SO ORDERED.

Dated: 11/7/08                                    for
                          RONALD M. WHYTE
                          United States District Judge

Order Re-Opening Case; Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.05\Campbell563reopen.wpd    4