*E-FILED - 2/12/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN LEE CAMPBELL,<br><br>            Petitioner,<br><br> vs.<br><br>EDWARD FLORES,<br><br>            Respondent. | No. C 05-3563 RMW (PR)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL, MOTION FOR EVIDENTIARY HEARING, RENEWED MOTION FOR LEAVE TO FILE IN FORMA PAUPERIS; GRANTING EXTENSION OF TIME<br><br>(Docket Nos. 12, 13) |

     Petitioner, a state prisoner proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 26, 2009, petitioner requested appointment of counsel, stating that he has been found "mentally retarded" in an unrelated case (Motion, Exhibit A), has had the assistance of an attorney who has drafted all pleadings filed in this court, and believes he is entitled to an evidentiary hearing.

     However, as petitioner concedes, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S. C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when

1  the circumstances of a particular case indicate that appointed counsel is necessary to prevent due
2  process violations.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).
3       The court notes that petitioner has thus far been able to adequately present his claims for
4  relief.  He filed his habeas petition in 2005, filed a motion to stay the proceedings in federal
5  court, which was granted, returned to state court to exhaust, and subsequently came back to
6  federal court and re-opened this action.  Respondent has been ordered to produce the state
7  record, which may include petitioner's state appellate briefs prepared by counsel.  Contrary to
8  petitioner's assertions, no evidentiary hearing appears necessary in this case, nor are any other
9  extraordinary circumstances apparent.  Accordingly, the court concludes that appointment of
10 counsel is not necessary at this time.  Petitioner's motion for appointment of counsel and for an
11 evidentiary hearing is DENIED WITHOUT PREJUDICE.
12      Petitioner also renews his motion to proceed in forma pauperis, however, the court notes
13 that petitioner paid his filing fee on March 3, 2006.  Accordingly, his motion to proceed in forma
14 pauperis is DENIED as moot.
15      On February 3, 2009, respondent filed a motion for extension of time to file a response to
16 petitioner's habeas petition.  Good cause having been shown, respondent's request for an
17 extension of time is GRANTED.  Respondent shall file a dispositive motion or answer on or
18 before April 6, 2009.  Petitioner may file his response within 30 days after the filing date of
19 respondent's pleading.
20      This order terminates docket nos. 12, 13.
21      IT IS SO ORDERED.
22 Dated:   2/10/09                          *Ronald M. Whyte*
                                              RONALD M. WHYTE
23                                            United States District Judge

Order Denying Motion to Appoint Counsel, Motion for Evidentiary Hearing, Renewed Motion for Leave to File In
Forma Pauperis; Granting Extension of Time
P:\PRO-SE\SJ.Rmw\HC.05\Campbell563misc.wpd       2