*E-FILED - 2/9/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN LEE CAMPBELL, | No. C 05-3563 RMW (PR) |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | (Docket No. 34) |
| EDWARD FLORES, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 26, 2009, petitioner moved for leave to proceed in forma pauperis, and evidentiary hearing, and appointment of counsel. In support of his motion for appointment of counsel, petitioner stated that he has been found "mentally retarded" in an unrelated state case (Motion, Exhibit A) and has had the assistance of an attorney who has drafted all pleadings filed in this court. On February 12, 2009, the court denied petitioner's request without prejudice. Before the court is petitioner's motion to reconsider the denial of appointment of counsel, denial of motion for leave to proceed in forma pauperis, and denial of evidentiary hearing.

Petitioner's motion for reconsideration alleges nothing new from his original motion filed

Order Denying Motion for Reconsideration
P:\PRO-SE\SJ.Rmw\HC.05\Campbell563denatty2.wpd

January 26, 2009. As petitioner conceded in his first motion and again in this renewed motion, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S. C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

In its order denying petitioner's original motion for appointment of counsel, the court noted that petitioner had thus far been able to adequately present his claims for relief. He filed his habeas petition in 2005, filed a motion to stay the proceedings in federal court, which was granted, returned to state court to exhaust, and subsequently came back to federal court and successfully re-opened this action. Respondent has answered the petition and has produced the state record, which includes petitioner's state appellate briefs prepared by counsel. Contrary to petitioner's assertions, no evidentiary hearing appears necessary in this case, nor are any other extraordinary circumstances apparent.

Even with the California Superior Court's order's concluding that petitioner is mentally retarded under the procedure outlined California Penal Code § 1376, this court finds that appointment of counsel is not warranted in this case at this time. See Cal. Penal Code § 1376 (defining mental retardation for purposes of conducting hearing to determine whether defendant is ineligible for the death penalty under Atkins v. Virginia, 536 U.S. 304 (2002)). Petitioner's federal claims were all well briefed by counsel in state court. Petitioner himself asserts that he has had the assistance of counsel to draft everything that has been filed in this court to date. Petitioner's federal claims are typical claims that arise in criminal cases and are not especially complex. This is not an exceptional case, therefore, that would warrant representation on federal habeas review.

Accordingly, the court concludes that appointment of counsel is not necessary at this time. Petitioner's motion for appointment of counsel and for an evidentiary hearing is DENIED

WITHOUT PREJUDICE. This denial is without prejudice to the court's <u>sua sponte</u> reconsideration should the it find an evidentiary hearing necessary following consideration of the merits of petitioner's claims.

Petitioner also renews his motion to proceed in forma pauperis, however, the court notes that petitioner paid his filing fee on March 3, 2006. Accordingly, his motion to proceed in forma pauperis is DENIED as moot.

This order terminates docket no. 34.

IT IS SO ORDERED.

Dated: 2/8/10

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge